IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


SYNOVUS BANK,
      Plaintiff,

vs.                                                          Case No.: 3:12cv132/RS/EMT


CRAIG R. SIMS, et al.,
      Defendants.
_____/

## ORDER, and REPORT AND RECOMMENDATION,

This cause is before the court upon Defendant Quail Lake Developers, LLC, and Defendant Craig R. Sims' "Motion[s] to Dismiss Complaint, Alternatively Motion to Make More Definite and Certain" (docs. 8, 9), each filed by Craig Sims, a Defendant that proceeds *pro se* in this matter.  The motions have been rendered moot by Plaintiff's filing of an amended complaint (doc. 11).  To ensure proper progression of this litigation, however, two matters pertaining to these motions must still be addressed.

First, it is well settled in federal court that a corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel.  Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); *see also* Cook v. Trinity Universal Ins. Co. Of Kansas, 2008 WL 4707515 (11th Cir. 2008) (Table, Text in WESTLAW); F.T.C. v. Gem Merchandising Corp., 1995 WL 623168 (Table, Text in WESTLAW) (both citing Palazzo); *see also* Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").  Because of this, the *pro se* motion to dismiss filed by Quail Lake Developers is improper.  This Defendant shall secure counsel before responding to Plaintiff's amended complaint or risk entry of default against it.

The court also notes that neither motion reflects that Defendants consulted with Plaintiff before filing their motions, as required by Local Rule 7.1(B).  Had they done so, Plaintiff would have been alerted to the clerical errors in the complaint, including those raised by Defendants in the motions to dismiss, and court intervention before the filing of the amended complaint would likely have been unnecessary.[1]  Defendants are advised that in the future, pleadings that do not contain a required certification pursuant to Local Rule 7.1(B) will be returned without consideration by the court.

Accordingly, it is **ORDERED**:

1.      Defendant Quail Lake Developers LLC is directed to secure counsel before responding to Plaintiff's amended complaint or risk entry of default against it.

2.      Defendants are specifically directed to comply with the Local Rules of this court, including Local Rule 7.1(B), and are placed on notice that any future submissions that are not in compliance with these rules may be returned without consideration by the court.

And it is respectfully **RECOMMENDED**:

That Defendant Sims and Defendant Quail Lake Developers, LLC's "Motion[s] to Dismiss Complaint, Alternatively Motion to Make more Definite and Certain" (docs. 8, 9) be **DENIED as moot**.

At Pensacola, Florida this 2nd day of May 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1]Although Plaintiff filed a prompt response to the Defendants' motions, even before it had done so, the court had reviewed the pleadings in this matter and prepared an order for posting.  This order was rendered moot by Plaintiff's submission.